IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RONNIE J. MONELLI, | : | No. 3:CV-05-1190 |
| | : | |
| Plaintiff | : | (Judge Jones) |
| | : | |
| v. | : | |
| | : | (Magistrate Judge Blewitt) |
| JO ANNE B. BARNHART, | : | |
| Commissioner of Social | : | |
| Security, | : | |
| Defendant | : | |

## <u>MEMORANDUM AND ORDER</u>

### May 11, 2006

## THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:

On April 12, 2006, Magistrate Judge Blewitt filed a Report and

Recommendations (doc. 10) reviewing the appeal of the decision of the

Commissioner of Social Security ("Commissioner") to deny Plaintiff Ronnie J.

Monelli's ("Plaintiff") claim for Social Security Disability Insurance Benefits

("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the

Social Security Act ("Act"), respectively.   Magistrate Judge Blewitt recommends

that the Plaintiff's appeal be granted and that the Plaintiff's case be remanded for

further proceedings.

Objections to the Magistrate Judge's Report were due on April 28, 2006 and

to date none have been filed.   This matter is now ripe for disposition.

## FACTUAL BACKGROUND/PROCEDURAL HISTORY:

The Plaintiff protectively filed an application for DIB and SSI on February 13, 2003, alleging disability since February 1, 2000 due to cervical degenerative disease.   Plaintiff, fifty-five years old at the time of the ALJ's decision, has a high school education and has past relevant work experience as a mechanic.  Plaintiff traces his current impairment to a December 1995 slip-and-fall work accident that resulted in a closed head injury.  Plaintiff reports that he can only drive short distances, mow his lawn in short sections, sweep the sidewalk, walk a few blocks, dial a phone, use a knife and fork, use a remote control, tie his shoes and fasten buttons.  (Rec. Doc. 10 at 8-16)

After an initial denial of the claim, Plaintiff requested and was granted a hearing before an administrative law judge ("ALJ").  At the hearing, the Plaintiff and a vocational expert ("VE") testified and the ALJ issued a decision denying the Plaintiff's claims.   The Plaintiff thereafter filed a request for review of the ALJ's decision that was subsequently denied by the Appeals Council, rendering the ALJ's decision the "final decision" of the Commissioner.  See 42 U.S.C. §405(g).   The Plaintiff thereafter filed an appeal of the Commissioner's decision.  Plaintiff contends that the ALJ erred in (1) not finding that the Plaintiff's impairment met or

medically equaled Listing 1.04A and (2) not obtaining the advice of a medical

expert regarding whether the Plaintiff's impairment met or equaled Listing 1.04A.[1]

On April 12, 2006 Magistrate Judge Blewitt filed the instant Report and

Recommendations (doc. 10) recommending we grant the appeal.

**STANDARD OF REVIEW**:

When no objections are made to a magistrate's report, the district court is

not statutorily required to review a magistrate judge's report before accepting it.

See Thomas v. Arn, 474 U.S. 140, 149-50 (1985).  According to the Third Circuit,

however, "the better practice is to afford some level of review to dispositive legal

issues raised by the report."  Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir.

1987).  When a district court accepts a magistrate judge's report, the report

becomes the judgment of the court.  Id.

**DISCUSSION**:

Our review of this case confirms Magistrate Judge Blewitt's determinations

and well-reasoned analysis, and while we have not been presented with any reason

---

[1] Listing 1.04A requires that a claimant show the existence of a disorder of the spine, such as degenerative disc disease, "resulting in compromise of a nerve root (including the cauda equina) or the spinal cord" with: A. Evidence of nerve root compression characterized by neuroanatomic distribution of pain, limitation of motion of the spine, motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss and, if there is involvement of the lower back, positive straight-leg raising test (sitting and supine).

to revisit them, we do reiterate the salient aspects of the Magistrate Judge's report.

First, Magistrate Judge Blewitt discusses the Plaintiff's contention that the ALJ erred by finding that the Plaintiff had not met or equaled the criteria of Listing 1.04A and therefore did not show that he had a severe impairment.[2]  Magistrate Judge Blewitt agreed with the Plaintiff's argument that the ALJ misinterpreted the Listing when she determined that, because the Plaintiff did not have muscle atrophy, he did not have motor loss and therfore could not meet or equal the Listing.  As Magistrate Judge Blewitt notes, the ALJ failed to properly apply the fact that Plaintiff had suffered muscle weakness in determining whether the Plaintiff had motor loss.  Therefore, as Magistrate Judge Blewitt correctly surmises, because the ALJ erred in applying the Regulations, this case is not appropriate for substantial evidence review and further findings of fact must be made on remand, namely whether the Plaintiff's impairment met or equaled Listing 1.04A by virtue of the Plaintiff's proving motor loss through muscle weakness alone.

_____

[2] For the sake of clarity, we note that a five-step evaluation process is used to determine if a person is eligible for disability benefits. See 20 C.F.R. §§404.1520, 416.920 (2004).  The first step requires Plaintiff to establish that he has not engaged in substantial gainful activity..  The second step is an evaluation of whether the Plaintiff has a severe impairment.  The third step is a consideration of whether the Plaintiff has established that he is unable to perform his past relevant work.  In the fourth step, the burden shifts to the Commissioner to demonstrate that other jobs exist in significant numbers in the national economy that the plaintiff is able to perform, consistent with his medically determinable impairments, functional limitations, age, education and work experience.  At the fifth step, the Commissioner is to consider the Plaintiff's stated vocational factors.

Second, Magistrate Judge Blewitt notes that the ALJ had the discretion to ask for a medical expert's opinion when evaluating whether the Plaintiff's impairment met or equaled Listing 1.04A, and therefore the ALJ did not necessarily err by choosing not to exercise that discretion.

Accordingly, our review of this case obviously confirms Magistrate Judge Blewitt's determinations.  Because we find no error in Magistrate Judge Blewitt's Report and Recommendation and because no objections have been filed, we will adopt it as our own for the reasons cited herein.

**NOW, THEREFORE, IT IS ORDERED THAT:**

1.      Magistrate Judge Blewitt's Report and Recommendation (doc. 10) is ADOPTED in its entirety.

2.      The Plaintiff's appeal is GRANTED.

3.      This case is REMANDED for further proceedings and consideration consistent with the Report and Recommendations (doc. 10) issued by Magistrate Judge Blewitt.

4.      The Clerk is directed to close the file on this case.

<u>S/ John E. Jones III</u>
John E. Jones III
United States District Judge